# United States District Court
## FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff, | * | |
| | * | No. CR 099-2005 |
| v. | * | |
| | * | ORDER |
| Gary Lee Winters, Jr. | * | |
| | * | |
| Defendant-Petitioner. | * | |

The matter before the court is the defendant's petition to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (Doc. No. 65). The defendant was arrested after officers stopped him for a traffic violation. Among other items of incriminating evidence found during an inventory search of the vehicle, officers found a fanny pack that contained distribution amounts of amphetamine, marijuana, methamphetamine, and two loaded handguns. The defendant pleaded guilty to one count of possession with intent to distribute purported methamphetamine which was actually methamphetamine, in violation of 21 U.S.C. § 841(a), and one count of using or carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). Before he pleaded guilty, the defendant moved to suppress certain evidence. The defendant received a hearing on the suppression motion, and this court denied the motion. In his plea, the defendant reserved the right to appeal the denial of his suppression motion.

This court accepted the defendant's plea in open court, notified the defendant of his rights, questioned the defendant, and established to this court's satisfaction that the defendant understood the elements of the charges against him and the rights that he was giving up by tendering a plea of guilty. The defendant was represented by counsel. This court sentenced the defendant to a term of sixty months imprisonment

on the possession count and a mandatory, consecutive sixty months imprisonment on the gun count. The defendant appealed the denial of the suppression motion and the Eighth Circuit affirmed. United States v. Winters, 221 F.3d 1039 (8th Cir. 2000).

In the present motion, the defendant raises four distinct arguments. First, he argues that he did not enter into his plea knowingly and voluntarily because he did not have a full understanding of the charges against him or the consequences of his plea. Second, he argues that his attorney coerced him into entering a guilty plea. Third, he argues that his attorney was ineffective for failing to raise certain challenges to the indictment on the gun charge. Fourth, he argues that 18 U.S.C. § 924 is unconstitutional.

A transcript of the plea hearing was prepared and the government was ordered to submit a responsive brief. The government submitted a brief, received the transcript of the plea hearing, and submitted a supplemental brief. Having carefully reviewed this matter, this court finds the defendant's arguments to be without merit. The defendant's petition for relief is denied for the reasons set forth in the government's briefs.

It is ordered that:
The defendant's petition for relief under 28 U.S.C. § 2255 is denied.

A certificate of appealability is denied.

Done and ordered this 19th day of Dec., 2005.

Michael J. Melloy
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

-2-